IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRACY THOMAS a/k/a MALIK #313806 :

        v. : CIVIL ACTION NO. CCB-09-2628

J. PHILLIP MORGAN, WARDEN and :
THE ATTORNEY GENERAL OF THE
    STATE OF MARYLAND :

## MEMORANDUM

Respondents move to dismiss Tracy Thomas's application for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d).  Document 4.  Thomas has responded, presenting documentary evidence of his struggle to complete his federal habeas corpus petition within one year after he completed state post-conviction review.  Document 7.  After reviewing these papers, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. §2254(e)(2).  For reasons set forth herein, the court shall dismiss the petition with prejudice as time-barred.

### Procedural History

Thomas, also known as Malik Shabazz, attacks his March 19, 2003, convictions for second-degree rape and fourth-degree sexual offense following a jury trial in the Circuit Court for Baltimore City.  On May 12, 2003, Thomas was sentenced to twenty years' incarceration for the rape, with all but twelve years suspended and five years supervised probation.[1]  Document 4-1 at 5-6.  Thomas's direct appeal was denied on June 28, 2004; the mandate issued on July 28, 2004. Document 4-2 at 1 and 20.  The Court of Appeals of Maryland denied Thomas's request for further review on November 12, 2004.  Document 4-3.  Thomas did not seek certiorari review in the United States Supreme Court.  His convictions became final for the purpose of

---

[1] The fourth-degree sexual offense was merged with the rape conviction.

federal habeas corpus review on February 10, 2005, when the time for seeking such review expired.  *See* Sup. Ct. Rule 13.1 (certiorari petition to be filed within 90 days of date of judgment from which appeal is sought).

On August 13, 2007, Thomas filed a post-conviction petition in the Circuit Court for Baltimore City.  Document 4-1 at 8.  Relief was denied on November 29, 2007.  *Id*.  Thomas's application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on September 25, 2008, with the mandate issuing on October 27, 2008.  Document 4-4.  The instant action, dated September 29, 2009, was received for filing on November 6, 2009.[2]

A one-year statute of limitations applies to habeas petitions.  *See* 28 U.S.C. § 2244(d).[3] This one-year period is tolled while properly filed post-conviction proceedings are pending, and may

---

[2] The petition is deemed filed on the date it was signed.  *See Houston v. Lack*, 487 U.S. 266 (1988*); see also United States v. Dorsey,* 988 F.Supp.. 817, 919-20 (D. Md. 1998).

[3] This section provides:

>     (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>        (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328-30 (4th Cir. 2000).

It is apparent that no properly filed state post-conviction petition was pending to toll the limitations period between the time Thomas's convictions became final on February 10, 2005, and the filing of his post-conviction action on August 13, 2007. Thomas claims the time-bar should not apply to him because he overcame many barriers to file his petition within one year of the completion of post-conviction review. Thomas provides no explanation, however, as to why he waited more than two years after completion of direct appeal to seek state post-conviction relief. In order to be entitled to equitable tolling, he must establish that either some wrongful conduct by respondents contributed to the delay in filing the post-conviction petition or that extraordinary circumstances beyond his control caused the delay. *Rouse v. Lee,* 339 F. 3d 238, 246 (4th Cir. 2003); *Harris,* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Nothing in the record suggests that Thomas had been diligently pursuing his rights and that some extraordinary circumstance prevented him from promptly seeking state post-conviction relief. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246. To the extent failure to do so might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Thomas has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief in regard to his four convictions and sentences are time-barred. A certificate of appealability will not issue because Thomas has not made a "substantial showing of the denial of a constitutional right."

For the reasons stated herein, the court will deny and dismiss the petition. A separate order follows.

<u>January 15, 2010</u>                                          ___/s/_____
Date                                                                    Catherine C. Blake
                                                                              United States District Judge